# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 08-33 consolidated with CW 08-150 and CW 08-164

**RICHARD IEYOUB, ATTORNEY GENERAL, STATE OF LA**

**VERSUS**

**PHILIP MORRIS, USA, INC., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 1998-6473
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Billy Howard Ezell, and J. David Painter, Judges.

**REVERSED. MOTION GRANTED. WRITS DISMISSED.**

**Terry Christovich Gay**
**Christovich & Kearney, LLP**
**602 Poydras Street, Suite 2300**
**New Orleans, LA   70130-6078**
**(504) 593-4214**
**COUNSEL FOR SECONDARY DEFENDANTS/APPELLANTS:**
     **Farmers Tobacco Company of Cynthiana, Inc.**
     **Vibo Corporation**

**James R. Nieset**
**Plauche, Smith, & Nieset**
**Post Office Drawer 1705**
**Lake Charles, LA   70602**
**(337) 436-0522**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **R. J. Reynolds Tobacco Company**

Stephen R. Patton
Kirkland & Ellis, LLP
200 East Randolph Drive
Chicago, IL   60601-6638
(312) 861-2000
COUNSEL FOR DEFENDANT/APPLICANT:
R. J. Reynolds Tobacco Company

Jerome Doak
Jones Day
2727 North Harwood Street
Dallas, TX   75201
COUNSEL FOR DEFENDANT/APPLICANT:
R. J. Reynolds Tobacco Company

R. Dale Burton
Womble Caryle Sandridge & Rice
1201 W. Peachtree Street
Atlanta, GA   30309
COUNSEL FOR DEFENDANT/APPLICANT:
R. J. Reynolds Tobacco Company

Thomas McKim
R. J. Reynolds Tobacco Company
401 N. Main Street
Winston-Salem, NC   27102
COUNSEL FOR DEFENDANT/APPLICANT:
R. J. Reynolds Tobacco Company

Phillip A. Wittmann
Stone, Pigman, Walther, Wittman, LLC
546 Carondelet Street
New Orleans, LA   70130
(504) 581-3200
COUNSEL FOR DEFENDANTS/APPELLANTS:
R. J. Reynolds Tobacco Company
Lorillard Tobacco Company

Gayle Rosenstein
Idit Froim
Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY   10153-0119
(212) 310-8000
COUNSEL FOR DEFENDANT/APPLICANT:
Lorillard Tobacco Company

**Ronald S. Milstein**
**Brian McGinn**
**Lorillard Tobacco Company**
**714 Green Valley Road**
**Greensboro, NC   27404-0529**
**COUNSEL FOR DEFENDANT/APPLICANT:**
      **Lorillard Tobacco Company**

**Charles C. Foti, Jr.**
**Attorney General**
**Post Office Box 94005**
**Baton Rouge, LA   70804**
**(225) 326-6000**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
      **Richard P. Ieyoub, Attorney General**

**David G. Sanders**
**Patricia Hill Wilton**
**Gol S. Hannaman**
**Angelique D. Freel**
**Stacie L. DeBlieux**
**Assistant Attorneys General**
**Post Office Box 94005**
**Baton Rouge, LA   70804-9005**
**(225) 326-6300**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Richard P. Ieyoub, Attorney General**

**Louisiana Department of Justice**
**Litigation Division**
**Post Office Box 94005**
**Baton Rouge, LA   70804-9005**
**(225) 326-6300**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
      **Richard P. Ieyoub, Attorney General**

**Martin A. Stern**
**Jeffrey E. Richardson**
**Ann Koppel**
**Adams & Reese, LLP**
**701 Poydras Street, Suite 4500**
**New Orleans, LA   70139**
**(504) 581-3234**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Philip Morris, USA, Inc.**

**Carl S. Nadler**
**Heller Ehrman, LLP**
**1717 Rhode Island Avenue, NW**
**Washington, DC   20036**
**COUNSEL FOR DEFENDANT/APPLICANT:**
      **Philip Morris, USA, Inc.**

Thomas J. Frederick
Winston & Strawn, LLP
335 W. Wacker Drive
Chicago, IL   60601-9703
(212) 558-5600
COUNSEL FOR DEFENDANT/APPLICANT:
    Philip Morris, USA, Inc.

Meyer G. Koplow
Jeff Wintner
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY   10019
COUNSEL FOR DEFENDANT/APPLICANT:
    Philip Morris, USA, Inc.

Denise Keane
Philip Morris, USA, Inc.
6601 West Broad Street
Richmond, VA   23230
COUNSEL FOR DEFENDANT/APPLICANT:
    Philip Morris, USA, Inc.

Kirk Albert Patrick, III
Heather A. Cross
Donohue Patrick, P.L.L.C.
450 Laurel Street, Suite 1500
Baton Rouge, LA   70801
(225) 214-1908
COUNSEL FOR SECONDARY DEFENDANTS/APPELLANTS:
    Von Eicken Group
    Liggett Group, LLC
    Sherman's 1400 Broadway NYC, Inc.
    Santa Fe Natural Tobacco Co., Inc.
    Commonwealth Brands, Inc.
    Liberty Brands, LLC
    Compania Industrial de TabacosMonte-Paz, S.A.
    King Maker Marketing, Inc.
    Daughters & Ryan, Inc.
    Vibo Corporation
    House of Prince A/S
    Farmers Tobacco Co. of Cynthiana, Inc.
    Japan Tobacco International USA, Inc.
    Virginia Carolina Corp., Inc.
    Top Tobacco, LLP
    Kretek International, Inc.
    Peter Stokkebye Tobaksfabrik A/S,P.T. Djarum

**Robert J. Brookhiser**
**Elizabeth B. McCallum**
**Howrey, LLP**
**1299 Pennsylvania Avenue, N.W.**
**Washington, DC   20004**
**(202) 783-0800**
**COUNSEL FOR SECONDARY DEFENDANTS/APPELLANTS:**
    **Liggett Group, LLC**
    **House of Prince A/S**
    **P. T. Djarum**
    **Peter Stokkebye Tobaksfabrik A/S**
    **Kretek International, Inc.**
    **Von Eicken Group**
    **Top Tobacco, LLP**
    **Sherman's 1400 Broadway NYC, Inc.**
    **Daughters & Ryan, Inc.**
    **Commonwealth Brands, Inc.**
    **Santa Fe Natural Tobacco Co., Inc.**
    **Japan Tobacco International USA, Inc.**
    **King Maker Marketing, Inc.**

AMY, Judge.

The State of Louisiana and certain tobacco manufacturers entered into a Master Settlement Agreement as the result of a suit filed by the State seeking damages related to the use of tobacco products. The manufacturers filed a motion to compel arbitration after an independent auditor did not apply an adjustment possible under the agreement in its calculation of the annual payment owed by the manufacturers. The trial court denied the motion to compel arbitration. For the following reasons, we reverse and enter judgment granting the motion to compel arbitration.

**Factual and Procedural Background**

Louisiana, through its Attorney General, filed an action against tobacco manufacturers in 1998 seeking damages allegedly related to certain business practices of the manufacturers. Other states filed similar suits in their own courts.

In resolution of the claims, four tobacco manufacturers, the Original Participating Manufacturers (OPMs) and the various states, including Louisiana, entered into a Master Settlement Agreement (the MSA), which provided for annual payments by the OPMs to the settling states. The MSA anticipated that additional manufacturers, the Subsequent Participating Manufacturers (SPMs), would join the settlement. The MSA requires annual payments to the states from both sets of the Participating Manufacturers (PMs).

The MSA further provides for an Independent Auditor to calculate and determine, according to guidelines provided, the annual payments due from the PMs to each settling state. Included in the calculation guidelines are a number of possible adjustments, offsets, and reductions. One such adjustment, the Non-Participating Manufacturer Adjustment, considers the PMs' loss of market share to Non-Participating Manufacturers. In the event that participation in the MSA is a significant factor in the PMs' loss of market share, the Independent Auditor is to

reduce the PMs' payments accordingly. However, in the event that a state diligently enforces its Qualifying Statute[1], the Non-Participating Manufacturer Adjustment is inapplicable to the payment owed to that state.[2]

The present cause relates to the availability of the Non-Participating Manufacturer Adjustment to the 2003 payments. In its 2003 calculations, the Independent Auditor refused to determine the issue of whether some states diligently enforced their Qualifying Statute after a finding that it was not qualified to do so and, accordingly, did not include a Non-Participating Manufacturer Adjustment in the calculation for the 2003 payment. Thereafter, the PMs requested that the dispute surrounding diligent enforcement and the adjustment be submitted to arbitration as, it alleged, the MSA required. The states, including Louisiana, argued that any determinations regarding diligent enforcement were not covered by the scope of the MSA's arbitration provision. The record discloses that the dispute as to the scope of the arbitration clause has proceeded through the courts of the various states.[3]

In October 2006, the OPMs instituted this matter in the Fourteenth Judicial

---

[1] The MSA defines a Qualifying Statute as "a Settling State's statute, regulation, law and/or rule . . . that effectively and fully neutralizes the cost disadvantages that the Participating Manufacturers experience vis-à-vis Non-Participating Manufacturers within such Settling State as a result of the provisions of this Agreement."

[2] As the MSA requires the Independent Auditor to assess the manufacturers' payments and then allocate those payments between the settling states, the inapplicability of the Non-Participating Manufacturer Adjustment to one state affects the remaining states. Section IX(d)(2)(C) provides:

> (C) The aggregate amount of the NPM Adjustments that would have applied to the Allocated Payments of those Settling States that are not subject to an NPM Adjustment pursuant to subsection (2)(B) shall be reallocated among all other Settling States pro rata in proportion to their respective Allocable Shares (the applicable Allocable Shares being those listed in Exhibit A), and such other Settling States' Allocated Payments shall be further reduced accordingly.

[3] While we do not rely on foreign jurisprudence in our analysis, the record contains numerous opinions from courts in various settling states addressing the questions addressed herein. These courts have uniformly ordered arbitration of the issues raised.

District Court[4], with the filing of a Motion to Enforce the Arbitration Provisions of the Master Settlement Agreement and Compel Arbitration. The SPMs joined in the filing. Following a hearing, the trial court denied the motion to compel arbitration.[5] After the denial of the order was reduced to a final judgment, the PMs appealed the denial of the motion to compel arbitration. They also filed applications for supervisory writs. This court consolidated the matters for review into this appeal.

## Discussion

*Scope of the Arbitration Clause*

In sum, the question before this court is whether the entire dispute presently between the parties is subject to the arbitration provision of the MSA. The PMs assert that both the question of whether Independent Auditor should have applied the Non-Participating Manufacturer Adjustment *and* the question of whether the State did, in fact, diligently enforce its Qualifying Statute should be subject to arbitration.

---

[4] Through Subsection VII(a) of the MSA, the parties acknowledged that the district court that initially approved and entered the settlement retains "exclusive jurisdiction for the purposes of implementing and enforcing [the MSA] and the Consent Decree as to such Settling State . . . and . . . shall be the only court to which disputes under this Agreement or the Consent Decree are presented as to such Settling State." In Louisiana, the Fourteenth Judicial District Court entered the judgment approving of the MSA. However, several exceptions to the acknowledgment of jurisdiction are listed in the MSA, including the arbitration provision of Subsection XI(c) under review.

[5] The trial court explained in its written reasons for ruling:

> This court finds the argument of the State compelling. The dispute between the parties is based on a *lack* of a determination made by the Independent Auditor rather than a determination. While the MSA § [XI](c) states any dispute, controversy or claim arising out of or relating to calculations performed by, or any determinations made by, the Independent Auditor, this court does not find that this includes a diligent enforcement determination. Diligent enforcement of a Settling State's Qualifying Statute is a legal issue outside the scope of an Independent Auditor's function. Because it is a determination that an Independent Auditor cannot make, the issue does not fall under the arbitration provision of the MSA. The PMs contend that arbitration of the parties' dispute over the 2003 NPM Adjustment is required under the MSA. The State concedes that the issue of whether the Independent Auditor's alleged "presumption" of diligent enforcement is arbitrable. Insofar as this is a dispute over the diligent enforcement of the Qualifying Statute, the Motion to Enforce the Arbitration Provisions of the Master Settlement Agreement and Compel Arbitration is denied.

The State concedes that the question of whether the Independent Auditor correctly denied the application of the Non-Participating Manufacturer Adjustment should be resolved by the arbitration panel. However, it asserts that the question of diligent enforcement is a separate and distinct issue that must be tried by the court. In fact, it questions whether the latter issue is even appropriate for review. Instead, it contends that, because the Independent Auditor refused to consider diligent enforcement, it did not make a *determination* and the arbitration provision of the MSA is therefore, inapplicable. The trial court agreed with the State's position in this regard.

This case is one of contract interpretation, which La.Civ.Code art. 2045 defines as "the determination of the common intent of the parties." If the contract's wording is "clear and explicit and lead[s] to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046. "The words of a contract must be given their generally prevailing meaning." La.Civ.Code art. 2047. However, if words are susceptible of different meanings, they "must be interpreted as having the meaning that best conforms to the object of the contract." La.Civ.Code art. 2048. Finally, "[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La.Civ.Code art. 2050.

The MSA's arbitration provision, appearing in Subsection XI(c), states:

> (c) <u>Resolution of Disputes</u>. Any dispute, controversy or claim arising out of or relating to calculations performed by, or any determinations made by, the Independent Auditor (including, without limitation, any dispute concerning the operation or application of any of the adjustments, reductions, offsets, carry-forwards and allocations described in subsection IX(j) or subsection XI(i)) shall be submitted to binding arbitration before a panel of three neutral arbitrators, each of whom shall be a former Article III federal judge. Each of the two sides to the dispute shall select one arbitrator. The two arbitrators so selected

4

shall select the third arbitrator. The arbitration shall be governed by the United States Federal Arbitration Act.

Subsection IX(j), referenced above, addresses "Order of Application of Allocations, Offsets, Reductions and Adjustments." The sixth such allocation, offset, or reduction listed is the Non-Participating Manufacturer Adjustment and instructs that it "shall be applied to the results of clause "Fifth" pursuant to subsection IX(d)(1) and (d)(2) (or, in the case of payments due from the Subsequent Participating Manufacturers, pursuant to subsection IX(d)(4))[.]" Subsection IX(d)(1) sets forth the Non-Participating Manufacturer Adjustment calculation whereas Subsection IX(d)(2) contains the diligent enforcement exception.

The arbitration provision is a broad one, including disputes, controversies, or claims "arising out of or relating to" the Independent Auditor's calculations and determinations. In the present matter, the Independent Auditor calculated the annual payment due and did not include the Non-Participating Manufacturer Adjustment listed in Subsection IX(j) as urged by the PMs. This action involved an express determination to refrain from considering the related issue of whether the State diligently enforced its Qualifying Statute. It was the Independent Auditor's refusal to apply the adjustment to its calculations, which the MSA relates to the issue of diligent enforcement, that created the present dispute, i.e., the present dispute is one "arising out of or relating to calculations performed by, or any determinations made by, the Independent Auditor."

Further, Subsection XI(c) provides, in a nonexclusive list, examples of arbitrable disputes. Among those listed in its parenthetical are "dispute[s] concerning the operation or application of any of the adjustments, reductions, offsets, carry-forwards and allocations described in subsection IX(j)[.]" The Non-Participating

5

Manufacturer Adjustment is listed as the sixth such allocation, offset, reduction or adjustment in Subsection IX(j). Again, the issue of diligent enforcement is integral to the operation/application of the Non-Participating Manufacturer Adjustment.

In light of the clear and explicit language of Subsection XI(c), we conclude that the issue of the application of the Non-Participating Manufacturer Adjustment must be presented to the arbitration panel provided for therein. The claim regarding whether the State diligently enforced its Qualifying Statute clearly arises from the refusal to apply that adjustment. Thus, the arbitration provision anticipates that this latter claim be referred to the arbitration panel as well. Further, we find no support for the State's speculation that an interpretation of the MSA ordering arbitration would prove more unworkable or cumbersome than separate proceedings in each of the settling states.

We also observe that the parties agreed that arbitration would be governed by the United States Federal Arbitration Act, 9 U.S.C. § 1, et seq. Section 2 of which reflects the favorable treatment afforded arbitration, as it provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

As explained by the United States Supreme Court in *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927 (1983), Section 2 creates a body of substantive law favoring arbitration and any doubt as to the scope of arbitrable issues must be resolved in favor of arbitration. *See also* La.R.S. 9:4201; *Aguillard v. Auction Management Corp.*, 04-2804, 04-2857 (La. 6/29/05), 908 So.2d 1.

6

Accordingly, we find that the trial court erred in denying the motion to compel arbitration. We grant the motion, ordering that the issues of whether the Independent Auditor properly excluded the Non-Participating Manufacturer Adjustment from its calculation and whether the State diligently enforced its Qualifying Statute proceed to arbitration as anticipated by the Master Settlement Agreement.

The applications for supervisory writs are rendered moot by this determination.

## DECREE

For the foregoing reasons, the judgment of the trial court denying the Motion to Enforce the Arbitration Provisions of the Master Settlement Agreement and Compel Arbitration is reversed and judgment is entered granting the motion. The applications for supervisory writs are rendered moot and are hereby dismissed. All costs of this proceeding are assigned to the State of Louisiana in the amount of $15,096.41.

**REVERSED. MOTION GRANTED. WRITS DISMISSED.**